**FILED**

JUN – 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

06/04

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Mag. Case No. 08 - 15844 M-SD |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| v. ) | Title 8, U.S.C., Section 1326 |
| Hector David QUEVEDO, ) | Deported Alien Found In the United States |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about June 06, 2008, within the Southern District of California, defendant Hector David QUEVEDO, an alien, who previously had been excluded, deported or removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Chris M. Cartier Olmos
Senior Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 6th DAY OF JUNE 2008.

JAY R. IRWIN ~~PETER C. LEWIS~~
U.S. MAGISTRATE JUDGE

(1)

UNITED STATES OF AMERICA

v.

Hector David QUEVEDO

## STATEMENT OF FACTS

On June 4, 2008, at approximately 1940 hours, while assigned to line watch duties in Andrade, California, Border Patrol Agent Michael Donnelly was observing traffic on Interstate 8 east of Andrade Rd.  Near this time he observed a van pass his location traveling westbound. As the vehicle passed his location, he observed the driver staring forward with both hands on the steering wheel, in an attempt to avoid detection. During this time the passenger was looking into the cargo area of the van as if speaking with someone in the back.

Agent Donnelly could see that the vehicle was traveling under the posted limit as it passed his location.   The van then applied the brakes and slowed further when noticing Agent Donnelly's presence. Agent Donnelly proceeded to follow the van and when closing in distance, the van exited the Interstate at Andrade Rd. in what appeared to be an attempt to elude Agent Donnelly. The van traveled south towards the Andrade, California Port of Entry. The vehicle then rapidly parked on the west edge of the road. At this time the driver and passenger rapidly exited the vehicle. At this point Agent Donnelly activated his overhead lights due to vehicle traffic on the roadway for traffic safety. Agent Donnelly identified himself as a Border Patrol Agent and ordered both occupants to get back into the vehicle for officer safety and to conduct immigration checks. Both subjects complied and returned to the vehicle. As he approached the passenger side of the vehicle, he could see that there was a third individual in the back of the van looking out through the curtain. Agent Donnelly asked each of the occupants if they were United States citizens and the driver said yes.  Agent Donnelly asked for identification on the three occupants and they provided him with Arizona identification cards.

Through identification checks, it was determined the front passenger to be Sabastian Campos Jr (DOB 05/31/1976) and the rear passenger to be Anna Christine Miranda (DOB 11/12/1969), both United States citizens. The driver provided a Arizona

Identification Card number D02264130 under the name of Juan D-E Loya (DOB 10/18/1970). Want/Warrants and Immigration History checks were run and KAK 850 (Yuma Sector Communications) informed the Agent that there was a return of multiple aliases and social security numbers. One of the aliases was that of Hector David QUEVEDO with the same DOB of 10/18/1970. Radio informed the Agent that QUEVEDO was previously removed from the United States. One of the removals was under the name of Juan Emiliano-Loya. Also, Radio informed the Agent that QUEVEDO had a lengthy criminal history, which included assault on an officer.

Agent Donnelly with the assistants of Supervisory Border Patrol Agent Chavez attempted to identify QUEVEDO at the Andrade, CA POE. At the POE, QUEVEDO refused to comply with the requests to identify him through fingerprinting. Agent Donnelly informed QUEVEDO that he was under arrest and read him his Miranda Warning. Border Patrol Agent Donnelly was then instructed to transport QUEVEDO to the Yuma, AZ Border Patrol Station.

At the Yuma Border Patrol Processing Area, it was determined that QUEVEDO was illegally in the United States. SBPA Cirillo and Agent Donnelly met with QUEVEDO and explained to him that they had probable cause to take his fingerprints. Again QUEVEDO refused to submit to fingerprinting. Border Patrol Agents removed QUEVEDO's restraints in an attempt to take his fingerprints again. QUEVEDO was clenching his fists together and resisting control over his arms to prevent the Agents from taking his fingerprints. During this time QUEVEDO began to escalate from passive resistance to aggressive resistance by pushing his shoulder against one of the Agents. SBPA Cirillo was able to manipulate QUEVEDO's body and arm into a position to prevent further resistance and BPA Beltran (Y415) was able to open his hand and capture his fingerprints.

QUEVEDO's, biographical information, fingerprints, and photo were submitted into the ENFORCE/IDENT/IAFIS databases. His information was identified and returned with a positive match for criminal and immigration history.

(3)

1      QUEVEDO was advised of his rights, as per form I-214. QUEVEDO understood
2  and signed that he understood his rights. QUEVEDO refused to speak with any of the
3  Agents regarding his immigration and criminal history. This was witnessed by BPA Ruiz
4  (Y310). Because he invoked his right to a lawyer all questioning was stopped.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  (4)